**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

JOSHUA CANTERBURY,

    Plaintiff,

v.                                                                                    Civ. No. 25-609 SMD/GBW

MATADOR RESOURCES
COMPANY, *et al.*,

    Defendants.

**ORDER GRANTING MOTION FOR LEAVE**
**TO FILE THIRD-PARTY COMPLAINT**

THIS MATTER comes before the Court on Defendant Matador Production

Company's ("Matador") Motion for Leave to File Third-Party Complaint.  *Doc. 101*.

Matador requests leave to implead third party MLS Welding, LLC ("MLS"), because

MLS designed and built the well cover which Plaintiff alleges was faulty and unsafe.  *Id*.

at 2; *see generally doc. 5*.  No party filed a response in opposition.  *See* D.N.M.LR-Civ.

7.1(b) ("The failure of a party to file and serve a response in opposition to a motion

within the time prescribed for doing so constitutes consent to grant the motion.").

Federal Rule of Civil Procedure 14 permits a defendant to "serve a summons and

complaint on a nonparty who is or may be liable to it for all or part of the claim against

it."  Fed. R. Civ. P. 14(a)(1).  Where, as here,[1] the third-party complaint is filed more

---

[1] Matador's original answer to the Amended Complaint was filed August 4, 2025.  *Doc. 7*.

than 14 days after service of the defendant's original answer, the defendant must obtain leave of the court. *Id*. "[I]mpleader is proper only where the third-party defendant's liability is 'in some way derivative of the outcome of the main claim.'" *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983) (quoting *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967)). Its purpose "is to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits." *Id*. (quotation and citation omitted). "The granting of leave for a defendant to prosecute a third party proceeding under Rule 14 rests in the sound discretion of the trial court." *First Nat'l Bank v. Duncan Sav. & Loan Ass'n*, 957 F.2d 775, 777 (10th Cir. 1992) (citation omitted).

The proposed third-party claims against MLS are dependent on Matador's liability to Plaintiff, *see generally doc. 101-1*, and they do not unduly expand the scope of the existing litigation. On the contrary, it appears that their inclusion will prevent the necessity of trying related claims in a different lawsuit if Matador is found liable to Plaintiff. *See Hefley*, 713 F.2d at 1498. Therefore, and particularly considering the lack of opposition, the Court finds Matador's motion is well-taken and should be GRANTED.

IT IS THEREFORE ORDERED that Defendant Matador Production Company is granted leave to file the proposed Third-Party Complaint for Breach of Contract, Breach of Warranty, Negligence, Contribution, Indemnity, and Construction Defect (*doc. 101-1*) attached to its motion.

**IT IS SO ORDERED.**

_____

GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE